UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILMINGTON SAVINGS FUND SOCIETY, FSB
D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
CARLSBAD FUNDING MORTGAGE TRUST,

                      Plaintiff,

  -against-

ARLEEN M. THOMSON, INDIVIDUALLY AND
AS SURVIVING SPOUSE OF JOHN THOMSON,
JR.,

                      Defendant.

18-cv-3107 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Wilmington Savings Fund Society FSB D/B/A Christiana Trust ("Plaintiff") filed an Amended Complaint on February 8, 2018, seeking foreclosure and sale of real property owned by Arleen M. Thomson ("Defendant"). (*See* Amended Complaint ("AC"), ECF No. 8.)

    Defendant moves to dismiss the AC under Federal Rules of Civil Procedure: § 12(b)(1) for lack of subject matter jurisdiction, 12(b)(5) for insufficient process, and 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Motion is GRANTED.

## BACKGROUND[1]

    Plaintiff is a federal savings bank pursuant to Delaware law, with its principal place of business in Delaware. (*See* AC ¶ 2.) Plaintiff is acting as a trustee for the Carlsbad Funding Mortgage Trust. (*Id.*) On February 29, 2008, John Thomson, Jr. ("Mr. Thomson), executed and delivered a Note whereby John Thomson Jr. and Defendant promised to pay the sum of $315,000

---

[1] For purposes of this motion, all facts in Plaintiff's AC are taken as true.

plus interest on the amount due. (*Id.* ¶ 9.) As security for the payment of the Note, they executed and delivered a Mortgage, in the amount of $315,000. (*Id.*) Mr. Thomson died on March 11, 2012. (*Id.* ¶ 10.) Subsequently, Defendant failed to make a payment due on June 1, 2012 and subsequent payments. (*Id.* ¶¶ 10-12.) She currently owes $298,365.19, which includes late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the property, all the costs of sale, and reasonable attorney's fees. (*Id.* ¶ 13.)

## LEGAL STANDARDS UNDER FED. R. CIV. P. 12(b)(1)

A case should be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187,188 (2d Cir. 2009). The party asserting subject matter jurisdiction carries the burden of proving its existence by a preponderance of the evidence" *Id.* "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Though a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

Federal Courts exercise subject matter jurisdiction where the Plaintiff has established that there is proper diversity jurisdiction. "Federal courts have jurisdiction over controversies between "Citizens of different States" by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2.

The Supreme Court established that the diverse "citizens" upon whose diversity a plaintiff derives jurisdiction must be real and substantial. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458,460 (1980). Therefore, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the actual citizenship of the real parties to the controversy. *Id.*

## DISCUSSION

### I. Establishing Citizenship of National Banking Associations

Federally chartered banks, unlike state-chartered banks, are not, for diversity jurisdiction purposes, citizens of any state in which they are incorporated or have a principal place of business. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 306 (2006). Rather, under 28 U.S.C. § 1348, national banks "shall…be deemed citizens of the States in which they are respectively located. *Id.* (quoting 28 U.S.C. § 1348). In *Wachovia Bank v. Schmidt,* the Supreme Court interpreted "located" as meaning "a national bank…is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* Therefore, to establish diversity of citizenship, national banks must show diversity vis-à-vis the state of their *main office*, as set forth in the *articles of association*—and not merely through the state of their principal place of business.

### II. Plaintiff has not Adequately Shown Diversity of Citizenship because Plaintiff Provides no Proof its own State Citizenship

Plaintiff has again not adequately pleaded the location of Wilmington Savings Fund. In Plaintiff's complaint, it states that Defendant is a citizen of New York and "Plaintiff is a federal savings bank under the laws of the State of Delaware with its principal place of business" at an address in Delaware. (AC ¶ 2.) Nowhere in the AC does Plaintiff explicitly claim, however, that Delaware is the state designated in the articles of association of its main offices.

Plaintiff's counsel, Gross Polowy LLC, has repeatedly filed similar complaints in the Northern and Western Districts of New York with the same language, and Courts have consistently

3

dismissed these complaints as inadequately pleading diversity citizenship. For example, in 2017, when Gross Polowy pleaded that another plaintiff bank's principal place of business was in South Dakota, Judge D'Agnostino reminded them they "should be well aware of the requirements for pleading the citizenship" since they already had multiple judgements ruling against them on the same issue. *Wells Fargo Bank v. Paul*, 5:16-CV-0665 at *3 (N.D.N.Y. 2017); *see also One West Bank, N.A. v. Melina,* 817 F.3d 214, 219 (2d Cir. 2016); *U.S. Bank Trust v. Dupre,* 2016 WL 5017123 at *3 (N.D.N.Y 2016).

Despite there being a clear standard for establishing citizenship of a national bank, and despite Plaintiff's law firm being reminded numerous times of this standard, they still attempt to establish Plaintiff's citizenship through the principal place of business standard, which they know does not apply to national banks. As a result, Plaintiff has again not adequately shown that there is diversity of citizenship. Therefore, Plaintiff has not established subject matter jurisdiction.

The Court cautions Plaintiff that continuing such conduct can lead to sanctions under Fed. R. Civ. P. § 11, which provides that pleadings, written motions or other papers presented to the court, to the best of the attorney's knowledge: (1) must be presented for a proper purpose; (2) the claims(s), defenses(s), and legal contentions must be justified by prevailing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; (3) the factual contentions must have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and; (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P § 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 has been

violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or responsible for the violation." Fed. R. Civ. P § 11(c)(1).

## III. Plaintiff Also Has Not Addressed Citizenship of its Trust

Plaintiff has also not established citizenship of the trust, nor that the trustee was a "real and substantial" party to the controversy, such that it's citizenship could be used to establish subject matter jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) ("a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possess certain customary powers to hold, manage, and dispose of assets for the benefit of others").

Plaintiff's counsel apparently tried to cure this deficiency by including in the AC:

> Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust, not individually but as Trustee is empowered to hold, manage, and dispose of assets of the Carlsbad Funding Mortgage Trust and to prosecute legal actions on behalf of the Carlsbad Funding Mortgage Trust, including this mortgage foreclosure action. Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually, but as Trustee has legal title and manages the assets of the Carlsbad Funding Mortgage Trust, and controls litigation on behalf of the Carlsbad Funding Mortgage Trust.

(AC ¶ 3.) As with Plaintiff's attempts in analogous litigation, Plaintiff's efforts to use the trustee to establish diversity jurisdiction are insufficient. Indeed, the Court need not decide whether this statement adequately establishes that the trustee is "real and substantial" because Plaintiff has inadequately pleaded its citizenship. Hence, Plaintiff has failed to established diversity of citizenship, and therefore this Court does not have jurisdiction to adjudicate this dispute.

## IV. Defendant's Other Claims

Defendant also moves to dismiss under rules 12(b)(5) and 12(b)(6). The Court need not address these arguments, since the court finds it has no subject matter jurisdiction. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 502 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety.")

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED pursuant to Fed. R. Civ. P. § 12(b)(1). Plaintiff shall have until July 15, 2019 to file a second amended complaint to cure its pleading deficiency and establish proper subject matter jurisdiction. Failure to do so will result in dismissal of this action. No further opportunities to cure this pleading deficiency shall be afforded. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 26.

Dated: June 25, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge