UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY,
FSB,

                          Plaintiff,

v.                                           **MEMORANDUM**
                                           **OPINION AND ORDER**
ARLEEN M. THOMSON,
                                           18-cv-3107 (PMH)

                        Defendant.
------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Wilmington Savings Fund Society, FSB brings this mortgage foreclosure action pursuant to the New York Real Property Actions and Proceedings Law against Defendant Arleen M. Thomson. On March 10, 2020, Judge Román issued an Order directing Plaintiff to show cause why the action should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Doc. 38. On April 3, 2020 this case was reassigned to me. On April 13, 2020, Plaintiff filed a declaration in opposition to the Court's March 10, 2020 Order. Doc. 42.

      For the reasons set forth below, the Court directs Plaintiff to file a Second Amended Complaint within 14 days of the date of this Order. Failure to timely file a Second Amended Complaint will result in dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

## BACKGROUND

      Plaintiff commenced this action on April 9, 2018. On July 26, 2018, Plaintiff filed an Amended Complaint. Doc. 8, "Am. Compl." The facts, as recited below, are taken from plaintiff's Amended Complaint. This action concerns the premises of 38 Duncan Road, Beekman, NY 12540. *Id.* ¶ 1. On or about February 29, 2008, the now-deceased John Thomson, Jr. ("Mr. Thomson") and Defendant Arleen Thomson ("Defendant") executed and delivered a Note by which they

promised to pay the sum of $315,000.00. *Id.* ¶ 9. To secure the Note, Mr. Thomson and Defendant executed a Mortgage on the aforementioned real property. *Id.* ¶ 10. The Mortgage was subsequently assigned to Wilmington Savings Fund Society, FSB, d/b/a Christina Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust. *Id.* ¶ 11. Mr. Thomson died on March 11, 2012 and Defendant allegedly failed to make payments in accordance with the terms of the Note and Mortgage beginning on June 1, 2012. *Id.* ¶¶ 9, 12. Plaintiff asserts that Defendant owes $298,365.19 on the Note as well as additional related charges and fees. *Id.* ¶ 13.

On June 25, 2019 Judge Román granted Defendant's motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) holding that the court did not have jurisdiction to hear Plaintiff's claims because Plaintiff had failed to establish diversity jurisdiction. Doc. 35, "Mot. to Dismiss Order." Plaintiff was granted permission to file a second amended complaint "to cure its pleading deficiency and establish proper subject matter jurisdiction" by July 15, 2019 and was cautioned that "failure to [timely file a second amended complaint] will result in dismissal of this action. No further opportunities to cure this pleading deficiency shall be afforded." *Id.* at 6.

Plaintiff missed its deadline and attempted to file its Second Amended Complaint ("SAC") 17 days late on August 1, 2020. Doc. 36. The next day, on August 2, 2019, Plaintiff was notified, via ECF, that "the filing is deficient for the following reason(s): Court leave has not been granted." *See* Aug. 2, 2019 Doc. Entry (the "Docket Entry"). The Docket Entry instructed Plaintiff to file as an exhibit to the pleading "either opposition party's written consent or Court's leave." *Id.* The SAC was marked "Filing Error – Deficient Pleading – FRCP Rule 15 Non-Compliance." Doc. 36. Thereafter, Plaintiff did not seek the Court's permission to file a SAC or otherwise take any other action to advance this litigation and prosecute its claims.

On March 10, 2020, more than seven months later, Judge Román issued an Order to Show Cause and directed the Plaintiff to show cause by April 13, 2020 as to why this action should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Doc. 38. Plaintiff filed an opposition to the Court's March 10, 2020 Order on April 13, 2020. Doc. 42, ("Vargas Decl."). That same day, Plaintiff filed a proposed Certificate of Default. Doc. 40. Just as with Plaintiff's deficient SAC, Plaintiff was notified, via ECF, that the proposed Certificate of Default was "deficient." *Id.*; Apr. 13, 2020 Doc. Entry.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 provides, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). It has long been recognized that "[a]lthough Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute . . . a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*." *Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 4041449, at *1 (S.D.N.Y. July 17, 2020) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). Failure to prosecute may be demonstrated by "an action lying dormant with no significant activity to move it or [by] a pattern of dilatory tactics including groundless motions, repeated requests for continuances or persistent late filings of court ordered papers over a period of months or years." *Santangelo v. Valenti*, No. 90-CV-7415, 1996 WL 665635, at *3 (S.D.N.Y. Nov. 15, 1996), *aff'd*, 129 F.3d 114 (2d Cir. 1997) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)).

While the Second Circuit has found that dismissal pursuant to Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F. 3d at 209, dismissal nonetheless may be necessary "to prevent undue delays in the disposition of pending cases and to avoid

3

congestions in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d. Cir.1993)).

## ANALYSIS

Analysis by the Court of the five factors relevant to a determination of whether dismissal is appropriate pursuant to Rule 41(b) is necessary. As to the first factor, after receiving notification that Plaintiff had deficiently filed its SAC, Plaintiff did not seek permission from the Court to file a new SAC or take any other action to advance this litigation for more than seven months. Courts within the Second Circuit have found that delays of similar or lesser duration are significant enough to warrant dismissal. *See, e.g., Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41." (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982))); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018), *report and recommendation adopted*, No. 15-CV-9730, 2018 WL 2059842 (S.D.N.Y. May 1, 2018), *appeal dismissed,* No. 18-CV-1639, 2019 WL

4

2369924 (2d Cir. Jan. 16, 2019) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (holding that "a seven-month delay in prosecuting this action . . . weighs heavily in favor of dismissal.").

Regarding the second factor, plaintiff was on notice that failure to comply with the court's order would result in dismissal. Judge Román's motion to dismiss decision stated, "Plaintiff shall have until July 15, 2019 to file a second amended complaint to cure its pleading deficiency and establish proper subject matter jurisdiction. *Failure to do so will result in dismissal of this action*." Mot. to Dismiss Order at 6 (emphasis added).

Regarding the third factor, when a delay is "lengthy and inexcusable" prejudice can be presumed. *Drake*, 375 F.3d at 256. If, however, the "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (citing *Lyell*, 682 F.2d at 43). Plaintiff's delay was not so long that it can be considered lengthy enough to presume prejudice. *See, e.g., Nolan v. Primagency, Inc.*, No. 07-CV-134, 2008 WL 1758644, at *4 (S.D.N.Y. Apr. 16, 2008), *aff'd*, 344 F. App'x 693 (2d Cir. 2009) (finding a six-month delay insufficient to presume prejudice). Additionally, there is no indication that Defendant has been prejudiced. *See LeSane*, 239 F.3d at 210 (finding prejudice may exist when the plaintiff's delay increased litigation costs or reduced a defendant's likelihood to prevail because evidence was lost or memories faded).

Regarding the fourth factor, the Court must balance its interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard. The Second Circuit has stated that "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Additionally, if the "plaintiff's failure to prosecute was silent and unobtrusive,

rather than vexatious and burdensome such as by swamping the court with irrelevant or obstructionist filings, dismissal due to the court's docket is not warranted." *Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181, 2019 WL 5188925, at *4 (S.D.N.Y. Oct. 15, 2019) (citing *Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014)). This case does not present a situation in which the Court's resources have been significantly expended by unnecessary orders and conferences. *See Nolan*, 2008 WL 1758644, at *4 (finding that the fourth factor weighed in favor of dismissal because during a six-month period in which plaintiff did not advance the litigation the court "issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case.").

Regarding the fifth factor, the Court must analyze whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Norden*, 375 F.3d at 257 (quoting *Martens*, 273 F.3d at 182). Here, the Court notes that while Plaintiff filed its SAC 17 days late and did nothing to address the clearly-indicated deficiency noted on the docket, the SAC does appear to address the jurisdictional pleading deficiency identified in the motion to dismiss decision. Additionally, Plaintiff did file an opposition to the Court's March 10, 2020 Order in which Plaintiff argued the case should not be dismissed pursuant to Rule 41(b).

Based on the foregoing, and upon this record as a whole, the Court finds that dismissal pursuant to Rule 41(b) is not appropriate.

## CONCLUSION

The Court grants Plaintiff permission to file a Second Amended Complaint within 14 days of the date of this Order. If Plaintiff fails to file a Second Amended Complaint within 14 days, the case will be dismissed pursuant to Rule 41(b) with no additional notice to the parties.

SO ORDERED:

Dated: New York, New York
July 29, 2020

_____
Philip M. Halpern
United States District Judge